UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
UNITED STATES OF AMERICA                            )
                                                    )
          v.                                        )          Criminal No. 66-1124 (PLF)
                                                    )          Civil Action 13-1424 (PLF)
PHILLIP ERIC ALONZO DUCKETT,                        )
                                                    )
          Defendant.                                )
_____             )
                                                    )
UNITED STATES OF AMERICA                            )
                                                    )
          v.                                        )          Criminal No. 67-0880 (PLF)
                                                    )          Civil Action 13-1440 (PLF)
PHILLIP ERIC ALONZO DUCKETT,                        )
                                                    )
          Defendant.                                )
_____             )

MEMORANDUM OPINION AND ORDER

          This matter is before the Court on three related motions filed by defendant Phillip

Eric Alonzo Ducket:  two motions to vacate his sentence under 28 U.S.C. § 2255, one filed in

Criminal No. 66-1124 and one in Criminal No. 67-0880, and one motion to correct an ambiguous

sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure filed in Criminal No.

67-0880.  The Court will deny all three motions.

I.  BACKGROUND

          On August 15, 1967, defendant Phillip Eric Alonzo Duckett was sentenced to one

to three years' imprisonment for unauthorized use of a motor vehicle in an unrelated case,

Criminal No. 66-0159.  See Exhibit A to the Government's Motion to Dismiss at 39-41, United

States v. Duckett, Criminal No. 66-1124 [Dkt. No. 7-2].  On December 15, 1967, defendant was

sentenced in Criminal No. 66-1124 to three to nine years' imprisonment for carnal knowledge and one to three years' imprisonment for housebreaking, the counts "to run concurrently but consecutively with" the sentence imposed in Criminal No. 66-0159.  Exhibit B to the Government's Motion to Dismiss at 8, United States v. Duckett, Criminal No. 66-1124 [Dkt. No. 7-3].  And, finally, on January 24, 1969, defendant was sentenced in Criminal No. 67-0880 to ten to thirty years' imprisonment for rape, "with said sentence to run consecutively with the [one year] to [three year] sentence imposed in [Criminal No. 66-0159]; the [three year] to [nine year] sentence imposed in [Criminal No. 66-1124] . . . ."  Exhibit C to the Government's Motion to Dismiss at 6, United States v. Duckett, Criminal No. 66-1124 [Dkt. No. 7-4].

The court of appeals affirmed defendant's conviction in Criminal No. 66-1124 on March 12, 1969.  Duckett v. United States, 410 F.2d 1004 (D.C. Cir. 1969).  His petition for rehearing was denied on May 28, 1969 and he did not file a petition for a writ of certiorari.

The court of appeals similarly affirmed defendant's conviction in Criminal No. 67-0880 on February 17, 1970.  See Exhibit D to the Government's Motion to Dismiss at 6, United States v. Duckett, Criminal No. 66-1124 [Dkt. No. 7-5].  His petition for a writ of certiorari was denied on May 18, 1970.  Duckett v. United States, 398 U.S. 912 (1970).

## II.  DISCUSSION

In all three motions, defendant argues that the sentencing court, in Criminal Case No. 67-0880, imposed an ambiguous and illegal sentence and that his appointed counsel rendered ineffective assistance of counsel in failing to protect his Fifth and Sixth Amendment rights.  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," Greenhill v. Spelling, 482 F.3d 569, 572 (D.C. Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and the Court has evaluated defendant's motions in that light.  The Court

2

agrees with the government, however, and concludes that defendant's Section 2255 motions are untimely and that his Rule 35(a) motion lacks merit.

## A. The Section 2255 Motions

28 U.S.C. § 2255 allows a prisoner in custody to "move the court which imposed the sentence to vacate, set aside, or correct the sentence."  But the Court must first determine whether the motion is timely, because the statute imposes a one-year statute of limitations on such motions.  See United States v. Cicero, 214 F.3d 199, 202 (D.C. Cir. 2000).  Untimely motions, absent equitable tolling, are time-barred and must be dismissed.  See id. at 205.  The one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The one-year limitations period was imposed by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, which became effective on April 24, 1996.[1]  Individuals whose convictions were final before the effective date of the AEDPA were permitted

---

[1]     "Prior to the effective date of the AEDPA a prisoner could challenge his conviction or sentence as a violation of the Constitution of the United States by filing a motion under 28 U.S.C. § 2255 at almost any time."  United States v. Cicero, 214 F.3d at 200.

a one-year grace period — until April 24, 1997 — to file a Section 2255 motion.  See United States v. Cicero, 214 F.3d at 202 (citing cases).

In Criminal Case No. 66-1124, defendant's conviction became final on August 25, 1969 — the last date on which he could have filed a petition for a writ of certiorari.  See United States v. Duckett, 410 F.2d at 1004.[2]  Defendant's conviction in Criminal No. 67-0880 became final when his petition for a writ of certiorari was denied on May 18, 1970.  See United States v. Duckett, 398 U.S. at 912.

In his motion in Criminal No. 66-1124, defendant argues that only recently did he discover that three of his imposed sentences were unclear and ambiguous.  See Motion to Vacate at 6, United States v. Duckett, Criminal No. 66-1124 [Dkt. No. 2].  But even assuming that is true, his motion still is untimely because "Section 2255(f)(4) must be triggered by newly discovered *facts*, not new legal theories arising out of known facts."  United States v. Satizabal, No. 10-18-6 (JDB), 2016 WL 3166283, at *1 (D.D.C. Jun. 6, 2016) (citing United States v. Pollard, 416 F.3d 48, 54-55 (D.C. Cir. 2005)) (emphasis added).  Defendant argues in both cases that the specific terminology employed by the court during sentencing — "consecutive *with*" instead of "consecutive *to*" — was ambiguous, and therefore illegal.  But defendant has been privy to these sentencing facts for almost fifty years.

Defendant does not qualify for equitable tolling.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Defendant does not specifically allege equitable

---

[2]   When the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires" a judgment of conviction is final.  Clay v. United States, 537 U.S. 522, 527 (2003).

tolling, but he does claim that he received ineffective assistance of counsel, as counsel allegedly failed to investigate and research his sentence. See Motion to Vacate at 9-10, United States v. Duckett, Criminal No. 66-1124 [Dkt. No. 2]. Defendant, however, offers no indication that he has been pursuing his rights diligently since sentencing or that he was victim to extraordinary circumstances.

Because defendant's convictions became final long before the effective date of the AEDPA, defendant's one-year limitations period within which to file his Section 2255 motions expired on April 24, 1997. Defendant's Section 2255 motions therefore will be denied in both cases as untimely.

## B. Rule 35(a)

At the time of defendant's conviction, Rule 35(a) of the Federal Rules of Criminal Procedure authorized courts to correct an illegal sentence at any time.[3] A sentence is illegal if multiple terms of imprisonment were imposed for the same offense, the sentence was in excess of what is prescribed by the relevant statutes, or the sentence itself is "legally or constitutionally invalid in any other respect." Hill v. United States, 368 U.S. 424, 430 (1962). Defendant argues

---

[3]     Public Law 98-473 amended Rule 35(a) of the Federal Rules of Criminal Procedure to impose a one-year limitations period for correcting illegal sentences. See Pub. L. No. 98-473, § 215, 98 Stat. 1837, 2014-16 (1984). But prior to the effective date of this amendment, Rule 35(a) permitted courts to "correct an illegal sentence at any time and [to] correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." FED. R. CRIM. P. 35(a) (1984); see Pub. L. No. 98-473, §§ 215, 235(a)(1), 98 Stat. 2015-16, 2031-32 (1984), as amended by Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985); Pub. L. No. 100-182, § 22, 101 Stat. 1271 (1987). Although the D.C. Circuit has not considered this issue, other circuits have held, and this Court agrees, that the former Rule 35 applies to all offenses committed prior to November 1, 1987. See United States v. Ward, No. 03-50850, 2004 WL 260774, at *1 (5th Cir. Feb. 12, 2004) (unpublished); United States v. Andrews, No. 96-2186, 1997 WL 53046, at *1 (7th Cir. Feb. 5, 1997) (unpublished). Congress later entirely revoked "the broad authority to correct illegal sentences originally set forth in [Rule 35(a)]." Dolan v. United States, 560 U.S. 605, 622-23 (2010); see Sentencing Reform Act of 1984, Pub. L. 98-473, § 215(b), 98 Stat. 2015-2016.

that the use of the word "with" is unusual and makes his sentencing language of "consecutive with" ambiguous: denying him "any 'expectation of finality in the service of the sentence.'" Defendant's Rule 35 Motion at 4, United States v. Duckett, Criminal No. 67-0880 [Dkt. No. 4].

       The Court is unpersuaded.  Although this specific argument has never been raised in the D.C. Circuit, it has been unanimously rejected in many other circuits.  As the Fifth Circuit has explained:

> The word "consecutive" used in the sentence, according to its primary dictionary definition, denotes "following in a train, succeeding one another in a regular order."  The word "with" which follows it in the sentence denotes primarily "a relation of contact of association."  The idea put forward by the petitioner and adopted by the court, that the use of "with" instead of "to" makes the order ambiguous and renders it ineffective, will not do.

Hiatt v. Ellis, 192 F.2d 119, 120 (5th Cir. 1951); see also Rakes v. United States, 309 F.2d 686, 688 (4th Cir. 1962) (holding that, despite the use of the word "with," the sentencing language was not ambiguous); Young v. United States, 274 F.2d 698, 702 (8th Cir. 1960), aff'd, 366 U.S. 761 (1961) (same); Martin v. United States, 285 F.2d 150, 151 (10th Cir. 1960) (same).  The Court agrees with this reasoning — consecutive means consecutive, and concurrent means concurrent, regardless of which preposition follows.  The sentence was not ambiguous and therefore was not illegal.  The Court therefore will deny defendant's Rule 35 motion.

III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendant's motions to vacate his sentence under 28 U.S.C.

§ 2255 in Criminal Nos. 66-1124 [Dkt. No. 2] and 67-0880 [Dkt. No. 2] are DENIED; and it is

FURTHER ORDERED that defendant's motion to correct an ambiguous sentence

pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure in Criminal No. 67-0880

[Dkt. No. 4] is DENIED.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   August 1, 2016